IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-1545-MSK-MJW

APTIVE ENVIRONMENTAL, LLC,

    Plaintiff,

*v*.

TOWN OF CASTLE ROCK, COLORADO,

    Defendant.

---

**ORDER ON MOTION TO RESTRICT PUBLIC ACCESS**

---

    **THIS MATTER** comes before the Court upon the Defendant's Motion to Restrict Public Access (**# 49**).

    Defendant Town of Castle Rock seeks Level 1 Restriction for its recently filed Motion to Compel (**# 50**) and accompanying exhibits. In its motion to restrict, it states that the exhibits contain confidential information as defined in the parties' Stipulated Protective Order (**# 43**) that may improperly annoy, embarrass, or oppress Plaintiff Aptive Environmental LLC. Without specific explanation, Castle Rock asserts that there is no less restrictive alternative than full restriction.

    There is a well-established common-law right of access to judicial records. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the idea that the public must retain the ability to evaluate a court's decision-making process and ensure that it is promoting justice by acting as a neutral arbitrator. *See United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997); *see also United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("The

1

presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice."). Accordingly, there is a strong presumption that documents filed in a lawsuit that are pertinent to a judicial determination should be freely available to the public. *Colony Ins. Co. v. Burke*, 68 F.2d 1222, 1242 (10th Cir. 2012). Access to court filings may, however, be restricted when the public's right of access is outweighed by interests favoring non-disclosure. *See McVeigh*, 119 F.3d at 811. A party seeking to restrict public access bears the burden to demonstrate compelling reasons justifying restriction. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 Fl.3d 1124, 1135-36 (10th Cir. 2011); *see also McVeigh*, 119 F.3d at 814. Thus, a movant must articulate a real and substantial interest that justifies depriving the public of access to documents that informed the court's decision-making process. *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

Consonant with these precepts, Local Civil Rule 7.2 governs motions to restrict (whether unopposed or contested). This rule requires that a party seeking restriction: (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; and (4) explain why no alternative to restriction will suffice. *See* D.C. Colo. L. Civ. R. 7.2. The fact that the parties agree to a Protective Order is in place is of no moment. It does not dictate the Court's decision or change its analysis, as the right of access belongs to the public who, necessarily, was not a party to such an agreement. *See* D.C. Colo. L. Civ. R. 7.2(c)(2).

The Motion to Compel is accompanied by five exhibits. The first four are the parties' discovery requests and responses. The fifth is a spreadsheet containing business data about

Aptive's door-to-door sale and knock rates. Castle Rock enumerates some of this business data in its Motion to Compel.

Castle Rock has not complied with the requirements of Local Civil Rule 7.2. To begin with, Castle Rock's motion is conclusory — it fails to identify any private interest that must be protected, much less why such an interest outweighs the presumption of public access to information it considers to be pertinent to its Motion to Compel this case. Castle Rock refers to the Stipulated Protective Order, but, as stated in Local Civil Rule 7.2(c)(2), that is not material to the public's right of access. Castle Rock further fails to point to any serious and imminent injury that might result from disclosure or address any alternatives to full restriction.

Accordingly, the Motion to Restrict Public Access (**# 49**) is DENIED.

Dated this 8th day of November, 2017.

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Court